# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**William Valentin-Mañon,**

  Petitioner

    v.

**United States of America,**

  Respondent.

CIVIL NO. 16-2225 (PG)
Related Crim. No. 04-217-4 (PG)

## **OPINION AND ORDER**

Before the court is petitioner William Valentin-Mañon's (henceforth "Petitioner" or "Valentin-Mañon") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dockets No. 1, 7, 11), and the United States' (or the "government") response in opposition thereto (Docket No. 9). For the following reasons, the court **DENIES** Petitioner's motion to vacate.

## I.   BACKGROUND

Valentin-Mañon pled guilty to the following charges: 1) conspiracy to defraud the United States, under 18 U.S.C. § 371 ("Count One"); 2) aiding and abetting a federal bank robbery, under 18 U.S.C. §§ 2113(a) and (d) ("Count Two"); and 3) aiding and abetting in the unlawful possession of a firearm in relation to a crime of violence, under 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Three"). See Crim No. 04-0217 (PG), Docket No. 217. The court concluded that Petitioner was a "career offender," pursuant to § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "the Sentencing Guidelines"). As a result, the court sentenced Petitioner to a total term of 449 months of imprisonment. Id.

On December 12, 2006, Valentin-Mañon presented his first motion to vacate under § 2255. In addition to alleging ineffective assistance of counsel, he claimed that the court erred by calculating his career offender level as thirty-seven, when it should have been thirty-four. See Crim No. 04-0217 (PG), Docket No. 343. The First Circuit Court of Appeals held that the district court's career offender guidelines calculation was incorrect. See Docket 1 at 2. On remand, this court reduced Petitioner's sentence to a term of 210 months as to Count One, 60 months as to Count Two, to be served concurrently with each other, and 84 months as to Count Three, to be served consecutively with Counts One and Two, for a total of 294 months of imprisonment. See Crim No. 04-217 (PG), Docket No. 513.

On June 27, 2016, Valentin-Mañon presented a second motion to vacate under § 2255, now pending before the court, and on April 11, 2017, he filed a supplemental brief in support of his petition. See Dockets No. 1 and 11. Mainly, he argues that the Supreme Court's decision in United States v. Johnson, 135 S.Ct. 2551 (2015) (Johnson II), invalidates the similarly worded residual clause in 18 U.S.C. § 924(c) under which he was sentenced. Petitioner raises similar "void-for-vagueness" challenges to other aspects of his sentence, including the "career offender" designation under the Sentencing Guidelines.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

## III. DISCUSSION

*A. The Career Offender Guideline*

As mentioned above, Petitioner challenges his designation as a "career offender" under § 4B1.1 of the Sentencing Guidelines. Section 4B1.1 states that a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.

When Petitioner was sentenced, § 4B1.2 defined the term "crime of violence" as "any offense punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . **involves conduct that presents a serious potential risk of physical injury to another**." U.S.S.G § 4B1.2(a) (2004) (emphasis added).[1] Section 4B1.2(a)(1) is often referred to as the force clause, whereas the quoted segment of § 4B1.2(a)(2) is often referred to as the

---

[1] Today, that same section defines "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2.

residual clause. See United States v. Wurie, 867 F.3d 28, 31 (1st Cir. 2017) (examining the Guidelines' force and residual clauses after Johnson II).

Petitioner points out that the language of § 4B1.2(a)(2) is substantially similar to that of the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B), which the Supreme Court struck down as unconstitutionally vague in Johnson II, 135 S. Ct. at 2251.[2] He argues that, by logical extension, the void-for-vagueness doctrine renders § 4B1.2(a)(2) unconstitutional and, therefore, his sentence must be vacated. But the Supreme Court recently addressed and rejected the same vagueness challenge to § 4B1.2(a)(2). See Beckles v. United States, 137 S.Ct. 886, 892 (2017) (holding that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause" and **"[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness**.") (emphasis added). The Supreme Court also explained that United States v. Booker, 543 U.S. 220 (2005) made the Sentencing Guidelines advisory. Now they "do not fix the permissible range of sentences … [but] merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Beckles, 137 S. Ct. at 892 (alteration in original).

Valentin-Mañon was sentenced on December 9, 2005, under the Sentencing Guideline's advisory regime. See Crim. No. 04-217, Docket No. 206. Therefore, based on the foregoing discussion, his vagueness challenge to § 4B1.2(a)(2) necessarily fails. The court's conclusion falls in line with First Circuit precedent, see United States v. Thompson, 851 F.3d 129 (1st Cir. 2017), as well as the decisions of fellow judges in the Districts of Maine and Massachusetts, see Nobrega v. United States, Crim. No. 10-0186, 2018 WL 2100582 at *6 (D. Me. May 7, 2018)

---

[2] As the Supreme Court explained, the ACCA imposed an increased prison term upon a defendant with three prior convictions for a "violent felony," which § 924(e)(2)(B)'s residual clause defined as any crime that "involves conduct that presents a serious potential risk of physical injury to another." Johnson II, 135 S. Ct. at 2555-2556 (quoting § 924(e)(2)(B)).

(finding that Beckles precludes vagueness challenges to the Sentencing Guidelines); Fitzpatrick v. United States, Crim. No. 11-10018, 2017 WL 1351437 (D. Mass. April 4, 2007) (same); United States v. Matz, Crim. No. 10-10220, 2017 WL 1287679 (D. Mass. April 3, 2017) (same).

### B. Section 924(c)

Valentin-Mañon also challenges the validity of Count Three, to wit, aiding and abetting in the unlawful possession of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). His argument is two-fold. First, he contends that aiding and abetting federal bank robbery cannot qualify as a crime of violence under § 924(c)(3)(B),[3] also known as the residual clause, as that clause contains the same or substantially similar language to the ACCA's residual clause (§ 924(e)), struck down in Johnson II. The court need not reach the merits of Petitioner's vagueness challenge with respect to the residual clause because, as the following analysis will showcase, federal bank robbery qualifies as a crime of violence under § 924(c)'s force clause.

#### 1. Section 924(c)(3)(A), a.k.a. the Force Clause

Second, Petitioner argues that for a felony to constitute a "crime of violence" under § 924(c)'s force clause, the felony must have "as an element the use, attempted use **or threatened use of physical force** against the person or property of another." § 924(c)(3)(A) (emphasis added). He further points to the language used in 18 U.S.C. § 2113, which codifies bank robbery as a federal offense and provides that: "whoever, by force and violence, **or by intimidation**, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or any other thing of value belonging to … any

---

[3] The residual clause at § 924(c)(3)(B) states that a "crime of violence" is an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

bank" will have committed federal bank robbery. If the least culpable conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence." See United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012). Valentin-Mañon thus concludes that federal bank robbery cannot be labeled a crime of violence within the meaning of § 924(c)'s force clause because the offense can be committed via intimidation, which does not require physical force.

The First Circuit recently held that federal bank robbery, as codified in § 2113, is a crime of violence under § 924(c)'s force clause and the Career Offender Guideline's force clause, § 4B1.2(a)(1). See Hunter v. United States, 873 F.3d 388 (1st Cir. 2017); United States v. Ellison, 866 F.3d 32 (1st Cir. 2017). In Ellison, 866 F.3d at 37, the First Circuit employed the same categorical approach used by Valentin-Mañon but arrived at the opposite conclusion: proving intimidation under § 2113(a) requires "proving that a threat of bodily harm was made." In Hunter, the First Circuit examined whether a federal bank robbery is a "crime of violence" under § 924(c)'s force clause. The Court noted that § 924(c)'s reference to "the use of physical force against the person *or property"* made that force clause greater in scope than the Sentencing Guideline's force clause. See Hunter, 873 F.3d at 390 (quoting 18 U.S.C. § 924(c)(3)(A)) (emphasis added).

Also, the First Circuit warned that it could not foresee any realistic probability of § 4B1.2(a)(1) applying to the commission of a bank robbery where a threat of bodily harm was made or inferred, but the means of causing it would not constitute physical force. See id. To put it differently, it is improbable to find a scenario in which the perpetrator of a bank robbery threatens to cause someone bodily harm, but said bodily harm will not be the result of physical force.

Other courts have held that a taking by intimidation under § 2113(a) constitutes *ipso facto* a threat to use physical force. See e.g., United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016) (holding that "the defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force."); United States v. Jenkins, 651 Fed. App'x. 920, 924 (11th Cir. 2016) (quoting United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005)) (stating that "intimidation occurs when an ordinary person in the teller's position could reasonably infer a threat of bodily harm from the defendant's acts"); United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) (holding that "a taking 'by intimidation' involves the threat to use [physical] force").

As the First Circuit pointed out in Ellison, "we are not supposed to imagine 'fanciful, hypothetical scenarios' in assessing what the least serious conduct is that the statute covers." Ellison, 866 F.3d at 38 (quoting United States v. Fish, 758 F.3d 1, 6 (1st Cir. 2014)). Therefore, the analysis employed when assessing what is the least culpable means for committing federal bank robbery should be restricted to those means that fall squarely within the realm of possibility. On that basis, the First Circuit has held that federal bank robbery qualifies as a crime of violence under the Sentencing Guidelines' force clause. See Hunter, 873 F.3d at 390 (quoting Ellison, 866 F.3d at 37).

In light of the First Circuit's decisions in Ellison and Hunter, even the least culpable alternative means of accomplishing the conduct prohibited by § 2113(a) and (d), federal bank robbery, is a "crime of violence" under the force clauses in § 4B1.2(a)(1) and § 924(c)(3)(A). And any means that are more violent than the use of intimidation in the perpetration of a bank robbery must also be considered sufficient for meeting the requirements set by both force

clauses. Simply put, federal bank robbery must be considered a "crime of violence" under § 924(c)(3)(A), regardless of the means employed to perfect the crime.

### 2. *Aiding and abetting*

Lastly, Petitioner asserts that **aiding and abetting** a federal bank robbery cannot be considered a "crime of violence" under § 924(c)'s force clause. Petitioner argues that **aiding and abetting** a bank robbery, as defined by § 2113, does not require the use, attempted use, or threatened use of violent physical force because the jury need not find that the defendant himself used force to effect the bank robbery. See Docket No. 11 at 12, 14.

Under federal law, "whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C § 2(b). In other words, "one who aids and abets an offense 'is punishable as principal' … and the acts of the principal become those of the aider and abetter as a matter of law." United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994) (quoting United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992)). Aiding and abetting is not considered a separate offense from the underlying substantive crime. See Mitchell, 23 F.3d at 2 (quoting United States v. Sánchez, 917 F.2d 607, 611 (1st Cir. 1990)). Furthermore, "aiding and abetting the commission of a crime of violence is a crime of violence itself." Mitchell, 23 F.3d at 3.

As previously discussed, the First Circuit recently held that a federal bank robbery is a "crime of violence" under § 924(c)'s force clause. See Hunter, 873 F.3d at 390. Therefore, aiding and abetting a federal bank robbery must too be considered a "crime of violence" under that clause. The aider and abettor of a federal bank robbery is legally responsible for the acts of the principal, meaning that Valentin-Mañon committed all the elements of a principal bank robbery that merit the "crime of violence" epithet found in § 924(c)(3)(A).

## IV. CONCLUSION

Based on the Supreme Court and First Circuit cases discussed above, which serve as binding precedent, the court must reject Petitioner's vagueness challenge to the Career Offender Guideline's force clause. On similar grounds, Petitioner's claims with respect to § 924(c)'s force clause also fail. Even if Valentin-Mañon committed federal bank robbery via intimidation alone, or merely aided and abetted such robbery, said felonies must still be considered "crimes of violence."

Consequently, Petitioner's second § 2255 motion (Dockets No. 1, 7, 11) is hereby **DENIED** and the case is, therefore, **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

## V. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, September 18, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**